# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EDWARD SETTLE, | 1:12-cv-00333-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| HECTOR A. RIOS, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on March 5, 2012. Petitioner contends that he is "actually innocent" of the 120 month sentence under section 2K2.1(c)(i) of the United States Sentencing Guidelines.

Petitioner was convicted in the United States District Court, Western District of Tennessee. He is currently serving a 120-month term.

Petitioner appealed his conviction to the United States Court of Appeal for the Sixth Circuit. The case was remanded to the district court for resentencing. The District Court's decision was later affirmed by the Sixth Circuit.

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

1

1  under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Thompson v.
2  Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997);
3  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, *only the sentencing*
4  *court has jurisdiction*. Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal
5  conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
6  2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see
7  also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

8       In contrast, a federal prisoner challenging the manner, location, or conditions of that
9  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
10 Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d
11 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);
12 United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476,
13 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);
14 Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

15       In this case, Petitioner is challenging the validity and constitutionality of his sentence
16 rather than an error in the administration of his sentence.  Therefore, the appropriate procedure
17 would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

18       In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief
19 under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective
20 to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997)
21 (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an
22 inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow
23 exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is
24 insufficient to render § 2255 inadequate.);  Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a
25 petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);
26 Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th
27 Cir.1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.
28 Redfield v. United States, 315 F.2d 76, 83 (9th Cir.  1963).

1 It appears Petitioner has not filed a § 2255 motion and the proper avenue is to do so in the sentencing court.  Furthermore, Petitioner has failed to demonstrate that his claims qualify under the saving clause of section 2255 because his claims are not proper claims of "actual innocence." In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Id. at 623 (internal quotation marks omitted).  Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him.  Lorentsen, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted.  Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior conviction which subjected him to mandatory enhancement. Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed.  See Ivy v. Pontesso, 328 F.3d, 1057 1060 (9th Cir. 2003); Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction.")  Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims.  Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DISMISSED; and

2. The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

1 Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served
2 and filed within ten (10) court days (plus three days if served by mail) after service of the
3 objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
4 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time
5 may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th
6 Cir. 1991).

IT IS SO ORDERED.

Dated:   May 10, 2012                             /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE